ALDERMAN, FAIRCHILD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

COMMERCIAL PAPER BOX CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

RIVERSIDE PAPER BOX CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 29025, 38464, 36518, 36519. Promulgated September 23, 1929.

*H. Earlton Hanes, Esq.,* for the petitioners.
*Frank S. Easby-Smith, Esq.,* for the respondent.

OPINION.

MORRIS: The first question presented is whether respondent erred in reducing Alderman, Fairchild Co.'s depreciable assets for 1923 and 1925 in the following amounts: ·

| | |
|---|---|
| Factory buildings | $92,748.05 |
| Building equipment (electric wiring) | 2,653.58 |
| Power and heating equipment | 16,889.79 |

In computing Alderman, Fairchild Co.'s net income for 1920 the respondent included these amounts in that company's depreciable assets and allowed depreciation thereon, but for 1923 and for 1925 the respondent has refused to allow any depreciation on the above amounts and avers that the allowance in 1920 was erroneous.

The issue thus presented is the cost to the petitioner of the depreciable assets that it acquired in 1920. At that time the building, and presumably the equipment, was seven years old and petitioner gave in exchange therefor 500 shares of its preferred stock and 120 shares of common stock and assumed a mortgage of $50,000. The evidence is not entirely clear as to how many shares of common stock were given in part payment for these depreciable assets, the testimony being that 120 shares of common represented the full purchase price .as to common stock, while other testimony was to the effect that later 320 additional shares of common were issued in part payment for these assets.

The value of the preferred stock was established by the sale of a block of 100 shares in 1920 at $100 per share but the value of the common stock, which represents a portion of the cost or purchase price paid by Alderman, Fairchild Co., has not been proved. One sale of 42 shares of common stock in 1918 for $25,000 is shown by the record but it appears that since 1918 the capitalization of the Alderman, Fairchild Co. had been increased to an undisclosed amount and it is impossible to determine from this one sale that the common stock in 1920 was worth anything like the sale price in 1918. No evidence was offered to prove the book value, nor was opinion evidence offered to establish the value of the common stock at the time it was issued for these assets. We are faced, therefore, with a situation that makes it impossible for us to determine the cost of the depreciable assets to the Alderman, Fairchild Co.

The petitioner offered evidence to prove that in 1920 a factory building of the same type and structure as the original building was erected at a cost of approximately $91,700, which building had only

one-half the floor space of the original structure. While this testimony indicates that the cost of reproduction new in 1920 of a building of the same size, type, character and structure as the original building would have been $183,400, this evidence is by no means conclusive as to the value of a building that has been in use for seven years. Nor do we feel that the rental paid is decisive of the question of cost of these assets to the petitioner. In view of all the facts, it is our opinion that respondent's determination should be sustained because we are unable to determine the cost of these assets to the petitioner, Alderman, Fairchild Co.

The petitioners contend that the burden of proof with respect to the disallowance of depreciation on these amounts in 1923 and 1925 is on the respondent since his answer avers that the allowance of depreciation on these amounts in 1920 was erroneous. We do not construe the statement in the answer as an affirmative allegation by the respondent which must be supported by evidence adduced on his part. It seems rather that this statement is the basis or reason that guided respondent in refusing to allow depreciation on these amounts in 1923 and 1925.

The second issue is whether petitioner, Alderman, Fairchild Co., is entitled to the statutory exemption of $2,000 for the year 1923 allowed by section 236 (b) of the Revenue Act of 1921. It appears that the Alderman, Fairchild Co. reported net income for 1923 in the amount of $33,795.91, but that since the company sustained a net loss for 1922 of $12,199.97, its net income subject to tax in 1923 was only $21,595.94. Since this balance is less than $25,000, petitioner argues that it is entitled to the $2,000 credit. This question has been before the Board in a number of proceedings and it has been decided that in ascertaining the right of a corporation to this credit a net loss deductible under section 204 of the Revenue Act of 1921 is to be regarded as a credit rather than as a deduction in determining a taxpayer's net income. *Eastern Building Corporation*, 16 B. T. A. 138, and cases therein cited.

*Judgment will be entered for the respondent.*